HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNY SHERIDAN, a married woman,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, ELDON VAIL individually and in his official capacity acting under the color of state law; ELEANOR D. VERNELL individually and in her official capacity acting under the color of state law; and ARMANDO MENDOZA individually and in his official capacity acting under the color of state law,<br><br>        Defendants. | No. C10-5459 RBL<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br>[Dkt. # 9] |

       This matter is before the Court on Defendants, Department of Corrections ("the Deparment"), Eldon Vail, and Eleanor D. Vernell's Motion to Dismiss [Dkt. #9].[1]

       This action arises out of Plaintiff's demotion at her place of employment, the Department of Corrections, by her supervisor, Eleanor D. Vernell. [Dkt. #11]. On April 27, 2010, Plaintiff filed this action in state court. [Dkt. #2]. The case was removed to this Court on June 30, 2010. [Dkt. #1]. After the Defendants filed the Motion to Dismiss, Plaintiff filed a late Amended Complaint. [Dkt. #11].[2] In the Amended Complaint, Plaintiff alleges that Vernell "[held]

---

[1] Plaintiff added a new Defendant, Armando Mendoza, in the amended complaint. [Dkt. #11]. This Order does not apply to the claims against Mendoza.

[2] FED. R. CIV. P. 15(a)(1)(B) allows a party to amend its pleading within "21 days after service of a motion under Rule 12(b)." Defendants filed the Motion to Dismiss on July 7, 2010, and Plaintiff filed the Amended Complaint on October 8, 2010. [Dkts. #9, 11].

ORDER - 1

Plaintiff to a higher standard[] than that of other employees" and "criticized and disciplined [Plaintiff] for numerous alleged violations of [the Department's] policy" and "for exercising her First Amendment Rights in private conversations." *Id.*  Plaintiff further claims that Vail and the Department knew of Vernell's acts and "refused to take corrective action . . . about Defendant Vernell's bullying and harassing acts." *Id.*  Plaintiff's prayer for relief is for (1) general and special damages, (2) lost wages, back pay, front pay, and benefits, and (3) attorney's fees, interests, and costs.  *Id.*

Defendants seek dismissal of Plaintiff's claims for negligence, negligent infliction of emotional distress, outrage, assault, and violation of due process under FED. R. CIV. P. 12(b)(6).[3] [Dkt. #9].  They argue that those causes of action fail to state a claim upon which relief may be granted because (1) "there is no negligent infliction of emotional distress claim in conjunction with employment discrimination or retaliation claims," (2) there is no actionable duty in Washington to avoid non-physical injury in the resolution of workplace disagreements," and (3) "Plaintiff has failed to sufficiently allege an assault."  *Id.*

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Review is limited to the content of the complaint [and properly incorporated documents], and all allegations of material fact must be taken as true, and construed in the light most favorable to the non-moving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), a litigant cannot simply recite the elements of a cause of action to avoid dismissal under this Rule.  He must instead "provide the grounds of his entitlement to relief [which] requires more than labels and conclusions." *Id.* at 555 (internal quotations omitted).  The litigant must plead a claim that moves "across the line from conceivable to plausible."  *Id.* at 570.

Plaintiff's claims are facially deficient because they merely offer labels and conclusions.  The complaint does not provide enough factual detail to apprise the Defendants of the alleged

---

[3] In addition to these claims, Plaintiff also has claims for public policy against bullying, and civil conspiracy.  [Dkt. #11].  The Defendants do not move to dismiss these claims.  *See* [Dkt. #9].

wrongdoing.  The Plaintiff alleges that she was "harassed for having participated in an investigation against Defendant Vernell," however she fails to allege how she was harassed.  [Dkt. #11].  Plaintiff states that she was "disciplined for exercising her First Amendment Rights in private conversation," but she does not specify how she was disciplined or what the content and context of the conversation was.  *Id.*  Plaintiff claims that she was held to a higher standard than other employees, however she fails to say how she was held to a higher standard.  *Id.*  Lastly, Plaintiff alleges that she was "criticized and disciplined for numerous alleged violations of [the Department's] policy," but she does not say how she was criticized or disciplined and what the alleged violations were.  These allegations are not enough to state a claim upon which relief can be granted, as a matter of law.

Even if these allegations contained enough factual detail, Plaintiff could not prevail on her claims for negligence, negligent infliction of emotional distress, outrage, and assault.  For negligence and negligent infliction of emotional distress, Plaintiff must show duty, breach, causation, and injury.  *Keller v. City of Spokane*, 146 Wash.2d 237, 242, 44 P.3d 845 (2002); *Snyder v. Med. Servs. Corp. of E. Washington*, 145 Wash.2d 233, 243, 35 P.3d 115 (2001).  However, Plaintiff cannot show duty because "employers do not owe employees a duty to use reasonable care to avoid the inadvertent infliction of emotional distress when responding to workplace disputes."  *Snyder*, 145 Wash.2d at 243 (quoting *Bishop v. State*, 77 Wash. App. 288, 234−35, 889 P.2d 959 (1995)).  Plaintiff does not even allege that Vernell owed a duty to her in her negligent infliction of emotional distress claim.  [Dkt. #11].  Thus, Plaintiff's negligence and negligent infliction of emotional distress claims are without merit.

Plaintiff's claim for outrage is closely tied to her claim for negligent infliction of emotional distress.  The elements of outrage are "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress."  *Snyder*, 145 Wash.2d at 242 (quoting *Birklid v. Boeing Co.*, 127 Wash.2d 853, 867, 904 P.2d 278 (1995)).  Plaintiff fails to sufficiently allege each of these elements.  Even if she had alleged facts relating to these elements, she could not possibly satisfy the second element of outrage because, as stated above, she cannot prove reckless infliction of

emotional distress as employers owe no duty to employees to use reasonable care to avoid infliction of emotional distress when dealing with workplace disputes. *Id.* at 243. Thus, Plaintiff's claim for outrage is without merit.

To survive Defendants' Motion for Summary Judgment on assault claim, Plaintiff must plead that Vernell's acts caused an apprehension of a battery. *See McKinney v. City of Tukwila*, 103 Wash. App. 391, 408, 13 P.3d 631 (2000). A battery is a "harmful or offensive contact." *Id.* Plaintiff does not allege that she was placed in apprehension of harmful or offensive contact by any of the Defendants. *See* [Dkt. #11]. Thus, Plaintiff's cause of action for assault is without merit.

Defendants' Motion to Dismiss [Dkt. #9] is GRANTED and Plaintiff's claims of negligence, negligent infliction of emotional distress, outrage, assault, and violation of due process against them are DISMISSED. Because Plaintiff cannot plead facts consistent with those alleged in her prior complaints that would state a cause of action against these defendants, the dismissal of negligence, negligent infliction of emotional distress, outrage, and assault is WITH PREJUDICE. Dismissal of Plaintiff's claim for violation of due process is based solely on her failure to allege enough factual detail, thus the dismissal of that claim is WITHOUT PREJUDICE. This Order does not apply to Plaintiff's claims for public policy against bullying and civil conspiracy, or Plaintiff's claims against Mendoza, as they are not addressed in the Defendants' Motion to Dismiss. Defendants are free to file similar motions regarding these claims in the future.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 4